IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NELSON FORENSICS, LLC & | § | |
| NELSON ARCHITECTURAL | § | |
| ENGINEERS, INC., | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | Civ. Action No. _____ |
| | § | |
| FORENSIX CONSULTING, LLC; | § | JURY DEMAND |
| KERRY LEE; RYAN D. KALINA, | § | |
|     Defendants. | § | |

**PLAINTIFF NELSON FORENSICS, LLC AND NELSON ARCHITECTURAL
ENGINEERS, INC.'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiffs Nelson Forensics, LLC and Nelson Architectural Engineers, Inc. bring this

Complaint against Defendants Forensix Consulting, LLC, Kerry Lee and Ryan Kalina, and in

support states and alleges as follows:

**I.
PARTIES**

1.     Plaintiffs Nelson Forensics, LLC is a Texas limited liability company with its

principal place of business in Plano, Texas.

2.     Plaintiff Nelson Architectural Engineers, Inc. is a Texas corporation with its

principal place of business in Plano, Texas.

3.     Forensix Consulting, LLC is a Texas limited liability with its principal place of

business in Allen, Texas. Defendant Forensix may be served with process by serving its registered

agent Kerry S. Lee, 1227 Windmere Way, Allen, Texas 75013.

4.     Kerry Lee is an individual residing at 1227 Windmere Way, Allen, Texas 75013

5.      Ryan D. Kalina is an individual that can be served at 206 E. 31st Street, Apt. C, Austin, Texas 78705.

## II.
## JURISDICTION AND VENUE

6.      This is a copyright infringement and breach of contract action. This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. § 1338.

7.      Venue in this District is proper under 28 U.S.C. § 1400(a) because the actions occurred in this district, in part.

## III.
## FACTUAL BACKGROUND

8.      Nelson Forensics, LLC is owner of all copyrights in the following architectural works and in certain textual writings.

9.      Nelson has filed applications for registration of its copyrights in this architectural work and in technical drawings depicting this architectural work, has paid the requisite fees, and has deposited the necessary copies of the works with the United States Copyright Office. The United States Copyright Office has received all such materials, and the applications have been given Registration Numbers TX0008940287, TX 0008940258, and TX0008940166. These works will hereinafter be referred to as the "Copyrighted Works."

10.     Each of the Copyrighted Works is an original work that is copyrightable subject matter under federal law.

11.     Defendant Forensix is an engineering consulting firm.

12.     Defendant Lee is the Managing Director of Defendant Forensix.

13.     At all material times, Defendant Lee had the power and ability to supervise and control the activities of Defendant Forensix, and upon information and belief has exercised such

power and ability. Defendants Lee's ability and power to supervise and control the activities of Defendant Forensix includes the activities that are complained of herein.

14.     At all material times, Defendant Lee has had a financial interest in the activities of Defendant Forensix, including those that are complained of herein.

15.     Defendants Forensix, Lee and Kalina distributed, or caused to be distributed, copies and/or derivatives of the Copyrighted Works by distributing paper and containing the Copyrighted Works.

16.     Defendants Forensix, Lee and Kalina have had, at all material times, a financial interest in the activities associated with the Copyrighted Works that are described above.

17.     A large portion of the reports generated by Defendants are a result of direct copying of Nelson's Copyrighted Works.

18.     In the alternative, each of the Defendants had a high degree of access to the Copyrighted Works and Defendants' plans, drawings, building, and individual units, are strikingly similar and/or substantially similar to Nelson's Copyrighted Works.

**IV.**
**COUNT I: COPYRIGHT INFRINGEMENT**

19.     Nelson incorporates the above paragraphs by reference.

20.     The continued use of Nelson's Copyrighted works by Defendants has infringed and continues to infringe Nelson's copyrights in the Copyrighted Works.

21.     The creation and distribution of the textual works has infringed and continues to infringe Nelson's copyrights in the Copyrighted Works.

22.     Pursuant to 17 U.S.C. § 504(b), each Defendant is liable to Nelson for its own profits associated with the activities described above.

23.     Defendant Lee had the right and ability to control the infringing actions of

Defendant Forensix and had a direct financial interest in the infringing activity.  Defendant Lee is vicariously liable for all acts of copyright infringement committed by Defendant Forensix and, as such, is jointly and severally liable for any award for copyright infringement entered in favor of Nelson against Defendant Forensix.

24.     Defendants Forensix, Lee and Kalina are each liable for every other Defendants' acts of infringement associated with the works under the doctrine of contributory infringement or inducement of infringement. As such, Defendants Forensix, Lee and Kalina are each jointly and severally liable for any award for copyright infringement entered in favor of Nelson against any other Defendant.

25.     In addition, Nelson entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 prohibiting defendants from further infringement of Nelson's copyrights.

26.     Furthermore, this Court should issue an order pursuant to 17 U.S.C. § 503 directing the United States Marshal's Service to (a) impound all copies of the Copyrighted Works in possession of Defendants, their agents, or contractors that infringe Nelson's copyrights during the pendency of this lawsuit; and (b) upon final hearing of this case, to destroy or otherwise dispose of those copies.

### COUNT II – BREACH OF CONTRACT AGAINST KERRY LEE

27.     Defendant Lee previously executed several agreements with Plaintiffs prohibiting the use and/or requiring the return by Defendant Lee of various materials, including the Nelson Copyrighted Works.

28.     Despite such agreements, Defendant Lee did not return the items and instead used the materials for his own personal and business gain.

29.    These actions were a breach of the agreements with Plaintiffs and resulted in damages to Plaintiffs.

30.    Plaintiffs have performed all conditions precedent to this claim for breach of contract.

### COUNT III – BREACH OF CONTRACT AGAINST RYAN KALINA

31.    Defendant Kalina previously executed an agreement prohibiting the use and/or requiring the return by Defendant Kalina of various materials, including the Nelson Copyrighted Works.

32.    Despite such agreement, Defendant Kalina did not return the items and instead used the materials for his own personal and business gain.

33.    These actions were a breach of the agreements with Plaintiffs and resulted in damages.

34.    Plaintiffs have performed all conditions precedent to this claim for breach of contract.

## V.
## CONDITIONS PRECEDENT

35.    Nelson generally avers that all conditions precedent to its rights of recovery have occurred or have been performed, or have been waived or excused by Defendants.

## VI.
## JURY DEMAND

36.    Pursuant to Federal Rule of Civil Procedure 38, Nelson demands trial by jury on all issues so triable.

WHEREFORE, PREMISED CONSIDERED, Nelson Forensics, LLC and Nelson Architectural Engineers, Inc. pray that Defendants cited to appear and answer, and that upon final

trial that it have and recover from defendants as set forth above, that it have injunctive relief and

other relief against defendants as requested herein, and that it have such and other relief as it may

show itself to be entitled.

Respectfully submitted,

BY: /s/ T. Micah Dortch

**T. MICAH DORTCH**
Texas State Bar No. 24044981
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd., Suite 1000
Dallas, Texas 75219
Tel: (214) 396-9427
Fax: (469) 217-8296
Email: mdortch@potts-law.com